952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce V. SMITH, Plaintiff/Appellant Cross-Appellee,
v.
PITMAN MANUFACTURING COMPANY, A.B. Chance Company, et al.,
Defendant/Appellees Cross-Appellants.
 Nos. 89-55539, 89-55610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 15, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce Smith appeals the district court's refusal to grant an evidentiary hearing or a new trial because of juror handling of an admitted exhibit. Smith argues that the jury's experiment improperly influenced their verdict. We affirm.
 
 
 3
 We have no enunciated a bright line test to determine whether a juror's experiment was improper. Instead, we review experiments to determine their possible effect upon the jury's verdict. All admissible experiments must be conducted under conditions similar to those surrounding the accident. Unelko Corp. v. Rooney, 912 F.2d 1049, 1057 (9th Cir.1990) (citing Cowens v. Siemens-Elema AB, 837 F.2d 817, 820 (8th Cir.1988)), cert. denied, 111 S.Ct. 1586 (1991). A proper jury room experiment must be: 1) similar to those conducted in court; or 2) conducted under substantially the same conditions as the original incident. All other experiments risk a conclusion that they constitute extraneous evidence. Common sense, not strict adherence to some imagined standard, controls the inquiry.
 
 
 4
 The jurors introduced extraneous evidence when they rocked the model in their attempts to shake a person out of the basket. These simulations differed significantly from the conditions present at the accident. The model basket was not: 1) riding on a truck; 2) moving laterally; or 3) subject to the same type of shocks and jolts. The experiments performed by the jurors were unreliable duplications of the accident, but they were not unusual, nor did they inject a new element into juror deliberations.
 
 
 5
 Fed.R.Evid. 606(b) provides that jurors may not testify as to how extraneous evidence affected the verdict; they may only testify as to its existence.[1] Hard v. Burlington Northern R.R. Co., 870 F.2d 1454, 1461 (9th Cir.1989). We review only admissible portions of juror affidavits to determine whether a new trial or an evidentiary hearing should have been granted. United States v. Maree, 934 F.2d 196, 201 (9th Cir.1991).
 
 
 6
 We established the burden upon a party challenging the verdict in civil cases in Hard:
 
 
 7
 Where a losing party in a civil case seeks to impeach a jury verdict, it must be shown by a preponderance of the evidence that the outcome would have been different. Unless the affidavits on their face support this conclusion, no evidentiary hearing is required. Unless such a showing is made at the evidentiary hearing, no new trial is required.
 
 
 8
 Hard, 870 F.2d at 1461. Smith must prove, by a preponderance of the evidence, that the extraneous evidence caused a different verdict. We review the trial court's decision to grant a new trial or hold an evidentiary hearing for abuse of discretion. Id. at 1461-62.
 
 
 9
 Smith argues that we should apply the burden of proof used in criminal cases: a defendant is entitled to a new trial "if there existed a reasonable possibility that the extrinsic material could have affected the verdict." Marino v. Vasquez, 812 F.2d 499, 504 (9th Cir.1987). Smith acknowledges, as he must, that the constitutional guarantees for criminal defendants do not apply in civil cases. The burden of proof established in Hard applies.
 
 
 10
 Smith has failed to meet his burden of proof. The affidavits do not prove "by a preponderance of the evidence that the outcome would have been different." Hard, 870 F.2d at 1461. In Hard, the "jury had ample evidence from which to conclude that Hard's alleged back injury was not caused by the litigated accident." Id. at 1462.
 
 
 11
 There is substantial evidence to support the conclusion that the basket was not defectively designed. We do not reach Pitman's cross appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fed.R.Evid. 606(b) states that:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.